## Chronological Case History

| **Style** | EKHLASSI, ALI vs. NATIONAL LLOYDS INSURANCE COMPANY | | |
|---|---|---|---|
| **Case Number** | 201702276 | **Case Status** Active - Civil | **Case Type** Debt/Contract - Consumer/DTPA |
| **File Court** | 055 | **File Date** 1/11/2017 | **Next Setting** N/A |

| Date | Type | Description |
|---|---|---|
| 1/11/2017 | ACTIVITY | JURY FEE PAID (TRCP 216) **COURT:** 055 |
| 1/11/2017 | DOCUMENT | ORIGINAL PETITION **COURT:** 055 **ATTORNEY:** LOREE, ROBERT W. **PERSON FILING:** EKHLASSI, ALI |
| 3/29/2017 | SERVICE | **PERSON SERVED:** AUTO CLUB INDEMNITY COMPANY MAY BE SERVED BY SERVING ITSREGISTERED AGENT NATIONAL REGISTERED AGENTS INC **SERVICE TYPE:** CITATION **INSTRUMENT:** ORIGINAL PETITION |
| 3/29/2017 | SERVICE | **PERSON SERVED:** NATIONAL LLOYDS INSURANCE COMPANY **SERVICE TYPE:** CITATION **INSTRUMENT:** ORIGINAL PETITION |
| 4/18/2017 | ACTIVITY | JURY FEE PAID (TRCP 216) **COURT:** 055 |
| 4/18/2017 | ACTIVITY | JURY FEE PAID (TRCP 216) **COURT:** 055 |
| 4/18/2017 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 055 **ATTORNEY:** BRADLEY, DAVID HILL **PERSON FILING:** AUTO CLUB INDEMNITY COMPANY |

1/11/2017 5:07:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14696054
By: Nelson Cuero
Filed: 1/11/2017 5:07:29 PM

# 2017-02276 / Court: 055

CAUSE NO. _____

| | | |
|---|---|---|
| **ALI EKHLASSI** | § | **IN THE DISTRICT COURT** |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| **NATIONAL LLOYDS INSURANCE** | § | |
| **COMPANY AND AUTO CLUB** | § | |
| **INDEMNITY COMPANY** | § | |
| | § | |
| Defendants | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Ali Ekhlassi, files this petition against Defendants, National Lloyds Insurance Company and Auto Club Indemnity Company, in which Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000 including damages of any kind and would show this Honorable Court as follows:

### I. Parties, Venue and Discovery Level

Plaintiff is a resident of Harris County, in Houston, Texas.

Defendant, National Lloyds Insurance Company (hereafter "Lloyds"), is a domestic insurance company doing business in Texas that can be served at its mailing address listed with the Texas Department of Insurance at P.O. Box 2650, Waco, Texas 76702-2650.

Defendant, Auto Club Indemnity Company (hereafter "AAA"), is a domestic insurance company doing business in Texas that can be served by serving its registered agent at National Registered Agents Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

The venue of this case is proper in Harris County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiffs intend to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or omission, it is meant that Defendants or its agents, officers, servants, employees, or representatives did such act or omission. They were also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or its agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed. The giving of sixty days written statutory notice for this claim is rendered impracticable by reason of the necessity of filing suit in order to prevent the potential expiration of a statute of limitations applicable to this claim.

## IV. Facts of the Case

On or about May 25, 2016, a severe storm caused damage to Plaintiff's property at 11689 Arrowwood Circle, Houston, Texas 77063. As a result of the rainfall associated with the storm, portions of Plaintiff's residence flooded. Prior to the storm, Plaintiff purchased a national flood insurance policy from Lloyds for his property (Policy Number 1547431881). This policy insured Plaintiff's property against damage and physical loss caused by flooding for the policy period of February 17, 2015 to February 16, 2016. Plaintiff also purchased a homeowner's policy for its property (Policy Number THO023651378) from AAA for the policy period of April 14, 2015 to April 14, 2016. This policy insured Plaintiff's property against damage and physical loss. On or about May 26, 2015, Plaintiff reported his storm loss to Lloyds and on May 27, 2015, Plaintiff reported his loss to AAA.

To assist in the adjusting of the claim, Plaintiff hired a Texas public license insurance adjuster, John Kubala of Kubala and Company, Inc., to investigate and report on Plaintiff's flood damage. As a result of this inspection, Mr. Kubala found damage to the property, including but not limited to damage to wood flooring, cabinetry, and the elevator. Mr. Kubela obtained a proposal from Schenck Company for the removal and replacement of the wood flooring for $200,468.00. Mr. Kubala also obtained an estimate from BELFOR Property Restoration for the cabinetry damage for $46,821.61. Lastly, Mr. Kubala obtained an estimate from Marchal/Stevenson Elevator for the elevator damage for $11,147.68.

On July 21, 2015, AAA sent its adjuster, Mike Hendricks, and an engineer, Darin V. Lasater, P.E. to evaluate the storm damage to Plaintiff's property. Mr. Cody Skelton of Cojen Construction, Mr. Jason Bell of Kubala and Company, and Mr. Greg Schenck of Schenck & Company were also present during this inspection. Plaintiff believes that AAA hired Mr. Hendricks and Mr. Lasater because AAA knows that they are biased for insurance companies and will give the insurer favorable, result oriented reports and estimates on which the insurer can either deny or low-ball an insured's claim.

True to form, in an August 31, 2015 report, Mr. Lasater noted that the residence was flooded by rising water in the adjacent reservoir and Buffalo Bayou on or about May 25-27, 2015 and further concluded that the damage to the hardwood floors and elevator of Plaintiff's residence were the result of moisture caused by flooding of the property. Lasater's report did not address the damaged cabinetry. The report did identify some hail damage to the property, but concluded that the hail damage was the result of an April 19, 2015 storm and not the May 25, 2015 storms. Based on this report, on September 22, 2015 AAA and its adjuster, Mike Hendricks, sent a letter to Plaintiff denying Plaintiff's claim under its policy language which excludes coverage for water damage as a result of flooding.

For their inspection of the claim, Lloyds and its adjuster, Leonard Bell assigned LMB Claims Solutions LLC to adjust the loss. On October 6, 2015 Lloyds sent a letter to Plaintiff acknowledging some flood damage, but stating that LMB found no visible signs of covered flood damage to the subfloor and flooring to the first elevated floor. Lloyds thereby denied Plaintiff's claim for damage to the hardwood floors. In the same letter, Lloyds informed Plaintiff that they would process a claim payment in the amount of $3,768.25 after deductible if Plaintiff would sign and date a sworn proof of loss. Lloyds did not address the damage to the cabinetry or elevator. Thereafter, Plaintiff sent Lloyds a Proof of Loss claiming damages in the amount of $250,000 after depreciation and deductible for all of the damages sustained to the property.

Lloyds also hired Owen T. Tolson, III, P. E. of Tolson Engineering Services to evaluate the storm damage to Plaintiff's property. On January 11, 2016, Owen Tolson of Tolson Engineering Services performed and on-site visual observation of Plaintiff's property.  In a January 23, 2016 report, Mr. Tolson concluded that the flood waters did not cause the first floor hardwood flooring to cup and stated that there was no direct contact between the flood waters and the hardwood floor or any of the ceiling framing system components. He did not address the damage to the cabinetry or the elevator.

Plaintiff believes that Lloyds hired Mr. Bell, LMB Claims Solutions LLC, and Mr. Tolson because Lloyds knows that they are biased for insurance companies and will give the insurer favorable, result oriented reports and estimates on which the insurer can either deny or low-ball an insured's claim.

On January 11, 2016, Lloyds sent Plaintiff a letter rejecting Plaintiff's Proof of Loss because the amount Plaintiff claimed was higher than the actual cash value of the adjuster's estimate provided to Lloyd's.  Lloyd's issued a check to Plaintiff in the amount of $3,768.25 based upon LMB's original estimate. On January 13, 2016 Plaintiff signed the Proof of Loss provided by Lloyd's,

Building Replacement Cost Proof of Loss, and Final Statement. Plaintiff advised Lloyd's that even though Plaintiff was submitting the requested documents, Plaintiff was not concluding the claim in any manner whatsoever. On February 15, 2016, Lloyds sent Plaintiff a letter informing that Lloyds had reviewed the Tolson report and that the claim file will remain closed with no further payment. To date, Lloyds, AAA, and its adjusters failed to properly estimate and pay for the storm damage to Plaintiff's property.

### V. <u>Cause of Action for Breach of Contract Against National Lloyds Insurance Company</u>

According to the flood insurance policy that Plaintiff purchased, Lloyds has the duty to investigate and pay Plaintiff policy benefits for claims made for damages caused by flooding. As a result of water damage from flooding, which is a covered peril under the subject insurance policy, Plaintiff's property has been damaged. Lloyds has breached this contractual obligation and the subject insurance policy by failing to pay the Plaintiff policy benefits for the cost to properly repair the damage to its property and contents. As a result of these breaches of contract, Plaintiff has suffered the damages that are described in this petition.

### VI. <u>In the Alternative, Claims Against Auto Club Indemnity Company</u>

### A. <u>Cause of Action for Breach of Contract</u>

All of the allegations in this petition are incorporated into this cause of action for breach of contract. According to the insurance policy that Plaintiff purchased, AAA had the duty to promptly investigate and timely pay Plaintiff policy benefits for the covered claims it made in this matter. Should it be determined that Lloyds is not responsible for the damage because the damage was not a result of the flooding, then AAA breached its contractual obligations by failing to pay for the additional damages. As a result of these breaches of contract, Plaintiff has suffered the damages that are described in this petition and are in excess of the jurisdictional limits of this court.

**B. Causes of Actions under Chapter 542 of Texas Insurance Code**

Further in the alternative, should it be determined that Lloyds is not responsible for the damage to Plaintiff's property, then AAA's acts, omissions, failures, and conduct that are described in this petition violate Chapters 542 of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of Plaintiff's claims. AAA did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for his claim. As a result, AAA has violated Chapter 542 by failing to accept or reject Plaintiff's claim in writing within 36 days after receiving either actual or written notice of their claim. AAA has also violated Section 542.058 by failing to pay Plaintiff's claim within 75 days after it received either actual or written notice of the claim or within 60 days after any other applicable statutory period. In the event it is determined that AAA owes Plaintiff any additional monies, then AAA has automatically violated Chapter 542 of the Texas Insurance Code.

**C. DTPA Causes of Action**

Further in the alternative, should it be determined that Lloyds is not responsible for the damage to Plaintiff's property, then Plaintiff incorporates all of the allegations in this petition for these causes of action against Defendant AAA under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing these causes of action against this AAA. Specifically, AAA's violations of the DTPA include, without limitation, the following matters:

    A. By its acts, omissions, failures, and conduct that are described in this petition, AAA has violated Sections 17.46(b)(5), (7), (12), and (20) of the DTPA. In this respect, AAA's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to properly investigate Plaintiff's claim, (3) AAA's use of a biased adjuster to obtain result-oriented estimates and reports to assist the insurer in denying Plaintiff's insurance claim, and (4) its failure to pay for the proper repair of Plaintiff's property on which AAA's liability had become reasonably clear;

    B. As described in this petition, AAA represented to Plaintiff that the subject insurance policy and AAA's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the

6

DTPA;

C. As described in this petition, AAA represented to Plaintiff that the subject insurance policy and AAA's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D. As described in this petition, AAA represented to Plaintiff that the subject insurance policy and AAA's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

E. By representing that AAA would pay to repair the damages and then not doing so, AAA has violated Sections 17.46(b)(5), (7), and (12) of the DTPA;

F. AAA has breached an express warranty that the damage would be covered under the subject insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

G. AAA's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. AAA's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

H. AAA's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of AAA are a producing cause of Plaintiff's damages that are described in this petition.

## D. Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all of the allegations in this petition for these causes of action against AAA under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. Should it be determined that Lloyds is not responsible for the damage to Plaintiff's property, then by its acts, omissions, failures, and conduct AAA has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus this AAA's failures to properly investigate Plaintiff's claim. They also include AAA's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and its failure

to pay for the proper repair of Plaintiff's property on which its liability had become reasonably clear. They further include AAA's use of biased adjusters and experts to obtain result-oriented estimates and reports to assist the insurer in denying Plaintiff's insurance claim. In addition, AAA failed to look for coverage and give Plaintiff the benefit of the doubt. Specifically, AAA is guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which AAA's liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

AAA has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. AAA's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

### E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates all of the allegations of the preceding paragraphs for this cause of action. Should it be determined that Lloyds is not responsible for the damage to Plaintiff's property, then by its acts, omissions, failures, and conduct, AAA has breached its common law duty of good faith and fair dealing by denying Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its denial.

AAA has also breached its duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claim because AAA knew or should have known that it was reasonably clear that the claim was covered. This conduct of AAA is the proximate cause of Plaintiff's damages.

## VII.  Damages

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff damages which include, without limitation, $258,437.29 for the cost to properly repair the damage to Plaintiff's property. All the damages described in this petition are within the jurisdictional limits of the Court.

## VIII.  Additional Damages

Defendant AAA has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapter 541 of the Texas Insurance Code.

## IX.  Exemplary Damages

Defendant AAA's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by AAA are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish AAA for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

## X.  Attorneys' Fees

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under any applicable statute.

## XI.  Request for Disclosure

Plaintiff hereby requests that Defendants disclose within fifty days of service of this petition the information and material described in Rule 194.2(a) - (l) of the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial by jury, if applicable, requests that Defendants be cited to appear and answer, and requests that on final hearing, the court award Plaintiff a judgment against Defendants for his actual and economic damages in an amount within the jurisdictional limits of the court; reasonable attorneys' fees through trial and on appeal, if applicable; pre-judgment and post-judgment interest as provided by law, if applicable; costs of court; and such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*Loree & Lipscomb*
The Terrace at Concord Park
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile:  (210) 404-1310

By: _____
Robert W. Loree
State Bar No. 12579200
rob@lhllawfirm.com
Todd Lipscomb
State Bar No. 00789836
todd@lhllawfirm.com

Attorneys for Plaintiff

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____     COURT *(FOR CLERK USE ONLY):* _____

STYLED: ALI EKHLASSI V. NATIONAL LLOYDS INSURANCE COMPANY AND AUTO CLUB INDEMNITY COMPANY
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Robert W. Loree | Email:<br><br>rob@lhllawfirm.com | Plaintiff(s)/Petitioner(s):<br><br>Ali Ekhlassi | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br><br>777 E. Sonterra Blvd., Ste. 320 | Telephone:<br><br>210-404-1320 | Defendant(s)/Respondent(s):<br><br>National Lloyds Insurance Company and Auto Club Indemnity Company | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>San Antonio, Texas  78258 | Fax:<br><br>210-404-1310 | [Attach additional page as necessary to list all parties] | Custodial Parent: |
| | State Bar No:<br><br>12579200 | | Non-Custodial Parent:<br><br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

1/11/2017 5:07:29 PM
Chris Daniel - District Clerk
Harris County
Envelope No. 14696654
By: CUERO, NELSON
Filed: 1/11/2017 5:07:29 PM

Unofficial Copy Office of Chris Daniel District Clerk

4/6/2017 2:01:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16312604
By: MARCELLA WILES
Filed: 4/6/2017 2:01:23 PM

CAUSE NO.  201702276

RECEIPT NO.                     0.00      MTA
           **********                     TR # 73330608

PLAINTIFF: EKHLASSI, ALI                  In The   55th
         vs.                              Judicial District Court
DEFENDANT: NATIONAL LLOYDS INSURANCE COMPANY   of Harris County, Texas
                                          55TH DISTRICT COURT
                                          Houston, TX

------CITATION

THE STATE OF TEXAS
County of Harris

TO: AUTO CLUB INDEMNITY COMPANY MAY BE SERVED BY SERVING ITS
    REGISTERED AGENT NATIONAL REGISTERED AGENTS INC
    1999  BRYAN ST SUITE 900    DALLAS   TX  75201 - 3136
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 11th day of January, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 13th day of January, 2017, under my hand and
seal of said Court.

Issued at request of:                     CHRIS DANIEL, District Clerk
LOREE, ROBERT W.                          Harris County, Texas
777  E. SONTERRA BLVD. SUITE              201 Caroline, Houston, Texas 77002
320                                       (P.O. Box 4651, Houston, Texas 77210)
SAN ANTONIO, TX  78258
Tel: (210) 404-1320                       Generated By: COLLINS, IRIS TROISHA  IKS//10582282
Bar No.: 12579200

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____ of _____County, Texas

_____                 By _____
        Affiant                                            Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                          _____
                                                    Notary Public

1327135
N.INT.CITR.P                    *73330608*

Unofficial Copy Office of Chris Daniel District Clerk

SEE AFFIDAVIT ATTACHED

## CAUSE NO. 201702276

| | | |
|---|---|---|
| EKHLASSI, ALI | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 55TH JUDICIAL DISTRICT |
| | § | |
| NATIONAL LLOYDS INSURANCE COMPANY | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared **Teresa Ramos** who, being by me duly sworn, deposed and said:

"The following came to hand on **March 24, 2017, 5:00 pm,**

#### CITATION & PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE,

and was executed on **March 29 2017** by mailing to **AUTO CLUB INDEMNITY COMPANY MAY BE DELIVERED BY DELIVERING IT'S REGISTERED AGENT NATIONAL REGISTERED INC** at **1999 BRYAN STREET 900, DALLAS, TEXAS 75201,** by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. **7015 3430 0001 0199 3972,** a true copy of this citation.

The regular mail envelope **WAS NOT** returned. PS Form 3811 was returned on **April 4, 2017** having been **SIGNED ON March 29, 2017** and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

_Teresa Ramos_
**Teresa Ramos**
**SCH# 10049 Expires 11-30-18**
**Bexar County, Texas**

**BEFORE ME,** a Notary Public, on this day personally appeared **Teresa Ramos,** known to me to be the person whose name is subscribed to the foregoing document, and being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

**SUBSCRIBED AND SWORN TO ME ON** April 5, 2017

**Notary Public, State of Texas**

RICHARD D. RAMOS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-22-2018
ID# 5334195



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Auto Club Indemnity Company
its registered agent National
1999 Bryan Street suite 900
Dallas, Texas 75201

9590 9403 0951 5223 1483 33

2. Article Number (Transfer from service label)

7015 3430 0001 0199 3972

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Chris Wells   MAR 2 4 2017

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

may be delivered by delivering
registered Agents Inc.

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

DALLAS TX 75201

Certified Mail Fee $3.35   0204
$   06

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $   Postmark
☐ Certified Mail Restricted Delivery $   Here
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage $1.40

Total Postage and Fees $7.50

Sent To Auto Club Indemnity Company may
Street and Apt. No., or PO Box No. 1999 Bryan Street Suite 900
City, State, ZIP+4® Dallas, Texas 75201

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 3430 0001 0199 3972

6/2017 2:01:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16312604
By: MARCELLA WILES
Filed: 4/6/2017 2:01:23 PM

CAUSE NO.  201702276

RECEIPT NO. _____        0.00        MTA
                  *********                    TR # 73330609

PLAINTIFF: EKHLASSI, ALI                    In The  55th
              vs.                            Judicial District Court
DEFENDANT: NATIONAL LLOYDS INSURANCE COMPANY  of Harris County, Texas
                                             55TH DISTRICT COURT
                                             Houston, TX

                            CITATION

THE STATE OF TEXAS
County of Harris

TO: NATIONAL LLOYDS INSURANCE COMPANY
    PO BOX 2650   WACO TX 76702 - 2650
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>11th day of January, 2017</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 13th day of January, 2017, under my hand and
seal of said Court.

<u>Issued at request of:</u>                    CHRIS DANIEL, District Clerk
LOREE, ROBERT W.                             Harris County, Texas
777  E. SONTERRA BLVD. SUITE                 201 Caroline, Houston, Texas 77002
320                                          (P.O. Box 4651, Houston, Texas 77210)
SAN ANTONIO, TX  78258
Tel: (210) 404-1320                          Generated By: COLLINS, IRIS TROISHA  IKS//10582282
<u>Bar No.:</u>  12579200

                        OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                             _____ of _____ County, Texas

_____              By _____
         Affiant                                            Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                             _____
                                                      Notary Public

1327139
N.INT.CITR.P                    *73330609*

## CAUSE NO. 201702276

| | | |
|---|---|---|
| EKHLASSI, ALI | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | 55TH JUDICIAL DISTRICT |
| | § | |
| NATIONAL LLOYDS INSURANCE COMPANY | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared **Teresa Ramos** who, being by me duly sworn, deposed and said:

"The following came to hand on **March 24, 2017, 5:00 pm**,

### CITATION & PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE,

and was executed on **March 29 2017** by mailing to **NATIONAL LLOYDS INSURANCE COMPANY** at **PO BOX 2650, WACO, TEXAS 76702**, by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. **7015 3430 0001 0199 3958**, a true copy of this citation.

The regular mail envelope **WAS NOT** returned. PS Form 3811 was returned on **April 4, 2017** having been **SIGNED ON March 29, 2017** and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

**Teresa Ramos**
**SCH# 10049 Expires 11-30-18**
**Bexar County, Texas**

**BEFORE ME**, a Notary Public, on this day personally appeared **Teresa Ramos**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON April 5, 2017

**Notary Public, State of Texas**

RICHARD D. RAMOS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-22-2018
ID# 5334195

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

National Lloyds Insurance Company

PO Box 2650
Waco, Texas 76702

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9403 0951 5223 1483 19

2. Article Number (Transfer from service label)

7015 3430 0001 0199 3958

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Jesse Yglesias_   ☑ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Jesse Yglesias   3-29-17

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

## U.S. Postal Service™
### CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

WACO, TX 76702   OFFICIAL USE

| Certified Mail Fee | $3.35 | |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 | 0204 |
| ☐ Return Receipt (hardcopy) | $0.00 | |
| ☐ Return Receipt (electronic) | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | Here |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $1.40 | 03/27/2017 |
| Total Postage and Fees | $7.50 | |

Sent To National Lloyds Insurance
Street and Apt. No., or PO Box No. PO Box 2650
City, State, ZIP+4® Waco, Texas 76702

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Unofficial Copy of Office of Chris Daniel District Clerk

4/18/2017 3:50:07 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16521345
By: Iris Collins
Filed: 4/18/2017 3:50:07 PM

## CAUSE NO. 2017-02276

| | | |
|---|---|---|
| **ALI EKHLASSI** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS** | § | **55TH JUDICIAL DISTRICT** |
| | § | |
| **NATIONAL LLOYDS INSURANCE** | § | |
| **COMPANY and AUTO CLUB** | § | |
| **INDEMNITY COMPANY** | § | **HARRIS COUNTY, TEXAS** |

### DEFENDANT'S ORIGINAL ANSWER

Comes now, Defendant Auto Club Indemnity Company, in the above styled and numbered cause and files this its Original Answer to the Original Petition and in support thereof would respectfully represent and show unto the Court the following:

### I.

Subject to and expressly without waiving any conditions, terms, or policy defenses, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, demands strict proof thereof and of this puts itself upon the country.

### II.

Defendant pleas all provisions, terms conditions and exclusions contained in Plaintiff's policies of insurance with Defendant, including specified provisions set forth in other affirmative defenses.

### III.

Pleading further, and in the alternative only, Defendant would show that the damages complained of are from concurrent causes, some of which may be covered under the policy of insurance and some of which are not covered under the policy of insurance and it is the duty of Plaintiff to conclusively separate those damages which are covered from those which are not covered.

**IV.**

Pleading further, Defendant would show that extra-contractual damages, and specifically those based on Article 41 of the Texas Civil Practice and Remedies Code, are limited under the Code pursuant to Tex. Civ. Prac. & Rem. Code, § 41.008.   Additionally, Plaintiff should be held to the standard as set out under Tex. Civ. Prac. & Rem. Code, § 41.003 that they prove their entitlement to recovery by clear and convincing evidence.

**V.**

Defendant would further show the underlying claims are not covered under the policy to the extent such claims do not seek damages within the meaning of such policy.

**VI.**

Pleading further, Defendant would show that there is no coverage under the policy to the extent the underlying claims are not for "property damage" within the meaning of the policy.

**VII.**

Pleading further, Defendant would state there is no coverage under the policy to the extent the underlying claims do not constitute an "occurrence" within the meaning of the policy.

**VIII.**

Defendant would further plead there is no coverage under the policy to the extent that any material misrepresentation or omission was made by an insured in obtaining such policy.

**IX.**

Pleading further, Defendant would show Plaintiff's claims are barred or otherwise limited to the extent that Plaintiff failed to mitigate their alleged damages.

**X.**

Any coverage for the underlying claims to which Plaintiff's current Petition refers may be barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations

applicable to the alleged policy.

## XI.

By way of affirmative defense, Plaintiff's claims for pre-judgment interest are eliminated by the dates and amounts set forth by statute, including but not limited to, Texas Financial Code, Chapter 304 and Tex. Civ. Prac. & Rem. Code, Chapter 41.

## XII.

Plaintiff may not recover up to treble actual damages under the Texas Insurance Code because Defendant did not knowingly, if at all, commit the acts complained of in the Plaintiffs' Original Petition.

## XIII.

Plaintiff may not recover mental anguish damages under the Texas Business and Commerce Code because Plaintiffs' suit is not for bodily damages and Defendant did not knowingly, if at all, commit the acts complained of in the Plaintiffs' Original Petition.

## XIV.

Plaintiff may not recover up to treble economic damages under the Texas Business and Commerce Code because Defendant did not intentionally or knowingly, if at all, commit the acts complained of in the Plaintiffs' Original Petition.

## XV.

Plaintiff may not recover up to treble mental anguish damages under the Texas Business and Commerce Code because Plaintiffs' suit is not for bodily damages and Defendant did not intentionally, if at all, commit the acts complained of in the Plaintiffs' Original Petition.

## XVI.

In the event Plaintiff's suit is found to be groundless in fact and/or law, brought in bad faith or brought for the purposes of harassment, Defendant seeks recovery of their reasonable and

necessary attorney's fees and court costs.

## XVII.

Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiffs' claims and upon further investigation as to the provisions, terms and conditions of the policy.

## XVIII.

Plaintiff's claim for attorney's fees is barred by the principle of excessive demand.

## XIX.

Plaintiff is not entitled to attorney's fees for failure to make a presentment as required under Tex. Civ. Prac. & Rem. Code Ann. § 38.002. Presentment of a claim is required to allow the person against whom it is asserted an opportunity to comply before incurring an obligation for attorney fees.

## XX.

Pursuant to Tex. R. Civ. P. 194, Defendants request that Plaintiff disclose, within 30 days of service of this request, the information and material described in Rule 194.2.

## XXI.

Defendant respectfully requests this matter be placed on the active jury docket.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendant but that Defendant go hence without delay and recover its costs, and for such other and further relief to which Defendant may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

____/s/ *David Bradley*_____
DAVID H. BRADLEY - 00783704
2500 Tanglewilde, Suite 250
Houston, Texas 77063
713/335-0285
FAX 713/335-0286
Bradleyedocsnotifications@wbclawfirm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of April, 2017, a true and correct copy of the above and foregoing was served on all parties in accordance with TRCP 21a.

____/s/ *David Bradley*_____
DAVID H. BRADLEY

**PLAINTIFF'S COUNSEL**
Robert W. Loree
Todd Lipscomb
LOREE & LIPSCOMB
The Terrace at Concord Park
777 E. Sonterra Blvd., Suite 320
San Antonio, Texas 78258

***Via E-file or Via Email:***    rob@lhllawfirm.com
                                 todd@lallawfirm.com

4/24/2017 11:09:33 AM
Chris Daniel - District Clerk Harris County
Envelope No. 16616943
By: Brianna Denmon
Filed: 4/24/2017 11:09:33 AM

CAUSE NO. 2017-02276

| | | |
|---|---|---|
| ALI EKHLASSI | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY AND AUTO CLUB | § | |
| INDEMNITY COMPANY | § | |
| Defendants | § | 55TH JUDICIAL DISTRICT |

## DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NATIONAL LLOYDS INSURANCE COMPANY, hereinafter "Defendant," and files this, its Original Answer to Plaintiff, Ali Ekhlassi's, Original Petition, and for cause, would respectfully show the Court the following:

## I.
## GENERAL DENIAL

1. Pursuant to the provision of Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, singular and all of the allegations contained in Plaintiff's petition, says that the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof. Defendant further reserves the right to amend its answer at a future date in accordance with the Texas Rules of Civil Procedure.

## II.
## REQUEST FOR JURY TRIAL

2. Defendant requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, NATIONAL LLOYDS INSURANCE COMPANY, prays that upon final trial of this matter a judgment that Plaintiff take nothing by his claims against Defendant be entered taxing all costs of defense relating to this matter

against Plaintiff and that Defendant receives such other and further relief, general and special, at law and equity to which it is entitled.

Respectfully submitted,

**DOYEN SEBESTA, LTD., LLP**


By: ____/s/ Scot G. Doyen_____
Scot G. Doyen
State Bar No. 00792982
sdoyen@ds-lawyers.com
Alasdair A. Roberts
State Bar No. 24068541
aroberts@ds-lawyers.com
Paragon Center One
450 Gears Road Suite 350
Houston, Texas 77067
(713) 580-8900
(713) 580-8910 Facsimile

**ATTORNEYS FOR DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY**


**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via first class mail, electronic service and/or facsimile on this the 24th day of April, 2017.

Robert W. Loree
Todd Lipscomb
LOREE & LIPSCOMB
777 E, Sonterra Blvd. Suite 320
San Antonio, Texas 78258
(210) 404-1320
(210) 404-1310 Facsimile


_____/s/ Scot G. Doyen_____
Scot G. Doyen/Alasdair A. Roberts