IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI EKHLASSI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1257 |
| | § | |
| NATIONAL LLOYDS INSURANCE CO. | § | |
| and AUTO CLUB INDEMNITY CO., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION**

The plaintiff, Ali Ekhlassi, moves this court to reconsider its January 8, 2018 ruling granting the defendant, National Lloyds, summary judgment and finding that the statute of limitations barred Ekhlassi's claim. The court declines to do so.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *T-M Vacuum Products, Inc. v. TAISC, Inc.*, 2008 U.S. Dist. LEXIS 54248, 2008 WL 2785636 at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th

Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The court has "considerable discretion" in addressing a motion for reconsideration. *Templey*, 367 F.3d at 479. Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Id.*; see also 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT & MILLER § 2810.1 at 127-28 (footnotes omitted).

The National Flood Insurance Policy statute and regulations make it clear that a plaintiff has one year from "the date of the written denial of all or part of the claim" to file suit. 44 C.F.R. § 61, app.(A)(1), art. VII(R). The October 6, 2015 letter in this case was a written denial of part of Ekhlassi's claim. "We are denying payment for any building and contents items not subject to direct physical loss by or from flood, pursuant to the Standard Flood Insurance Policy. . . . In accordance with the Standard Flood Insurance Policy, we are denying payment for all non-covered items located below the lowest elevated floor of your post-FIRM elevated building . . . ." (Docket Entry No. 18, Ex. C). The letter also stated that "[i]f you do not agree with our decision to deny your claim, in whole or in part, Federal law allows you to appeal that decision within 60 days of the date of this denial letter." (*Id.*). This express written denial of part of Ekhlassi's claim began the limitations period. This conclusion is buttressed by the rule when, as here, the United States has waived immunity to suit, courts narrowly construe the waiver conditions. *See Migliaro v. Fid. Nat'l Indem. Ins. Co.*, 880 F.3d 660, 667 (3d Cir. 2018) ("For the same reasons we must narrowly construe the

type of suit a policyholder may bring against a WYO carrier, we must also narrowly construe when a policyholder may bring suit.").

The motion for reconsideration, (Docket Entry No. 22), is denied.

SIGNED on March 14, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge